IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
08/18/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

ELMER JOSUE SALAZAR COTO,

Petitioner,

v.

MISTY MACKEY, Warden, Midwest Regional Reception Center; TODD M. LYONS, Acting Director, ICE; DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN, DHS Secretary; and TODD BLANCHE, Acting United States Attorney,

Respondents.

Case No. 26-3275-JWL

**MEMORANDUM AND ORDER**

Petitioner, through counsel, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. For the reasons set froth below, the Court **denies** the petition.

As his sole basis for relief stated in the petition, petitioner challenged his mandatory detention under 8 U.S.C. § 1225(b)(2), arguing that he should be deemed detained pursuant to 8 U.S.C. § 1226(a), which allows for discretionary release on bond.[1] In its answer, the

[1] Petitioner argued that this claim was governed by opinions by this Court and the Tenth Circuit rejecting the Government's interpretation of Section 1225(b)(2); he nevertheless sought release or a hearing at which the Government bears a heightened burden of proof, even though those opinions only support relief in the form of a bond hearing without any other requirements imposed.

Government represents that petitioner is now being detained under Section 1226(a), as evidenced by a written notice of a custody determination conducted under that statute, which also notes that petitioner has requested a review by the immigration court. Thus, the Government, while arguing that petitioner cannot now succeed on his claim as stated, has conceded in effect that petitioner is entitled to a review by an immigration judge of his request for release on bond.

In his traverse, petitioner notes that because an immigration court ordinarily applies the law of the federal appellate circuit in which it sits, in this case the immigration court would apply the law of the Eighth Circuit, which has agreed with the Government's interpretation of Section 1225(b)(2), and which ruling has caused immigration courts within that circuit to conclude that they lack jurisdiction to consider bond requests. Petitioner argues therefore that his petition should not be deemed moot because this Court's order is needed to ensure that he receives a bond hearing on the merits.

The Court concludes that the petition should be denied. As the Government notes, because petitioner is now detained under Section 1226(a), petitioner's claim of wrongful detention under Section 1225(b)(2) fails. With respect to the argument in petitioner's traverse, immigration courts have found that they lack jurisdiction in cases in which the alien was being detained under Section 1225(b)(2), but the Government has now represented and documented that this petitioner is not being detained under that statute, but is instead being detained under Section 1226(a). For that reason, the Court is not persuaded

that the immigration court would not address petitioner's request for release on bond on the merits.[2]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 18th day of August, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

[2] Of course, it is incumbent on the Government to make sure that the merits are considered at any such hearing, as it has now taken the position that this Court need not order a bond hearing because petitioner is detained under Section 1226(a) – thus in essence representing that the immigration court will grant a merits-based hearing. If the immigration court does claim a lack of jurisdiction to consider petitioner's request, this Court would entertain an emergency motion to reopen this case, and it would order a bond hearing and consider requests for other relief or sanctions as appropriate.